```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**EBONY DASCHION BASKERVILLE, #361505,**

        Petitioner,

v.                                                            2:09CV176

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On December 14, 2006, in the Circuit Court for the City of Portsmouth, Virginia, petitioner was convicted of attempted rape, attempted forcible sodomy, and two counts of sexual battery. Petitioner was sentenced to serve sixteen years imprisonment. Petitioner appealed to the Virginia Court of Appeals, but on December 22, 2006, the appeal was denied by a single judge. Petitioner's subsequent appeal in the Supreme Court of Virginia was refused on May 1, 2007.

Petitioner filed a petition for writ of habeas corpus in the Circuit Court for the City of Portsmouth, but on August 13, 2008, the petition was dismissed. Petitioner did not appeal the dismissal of the petition to the Supreme Court of Virginia.

On April 13, 2009, petitioner filed a petition for writ of habeas corpus in this Court, and on August 20, 2009, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. The evidence was insufficient to support petitioner's convictions;

2. Trial counsel was ineffective for advising petitioner not to testify at trial; and

3. Trial counsel was ineffective for failing to introduce evidence.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See

2

Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>    (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)(i)  there is an absence of available State corrective process; or
>
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D. Procedural Default

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal. In Coppola v. Warden of Virginia State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial. Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . .

Va. S.Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." Smith v. Murray, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[1] In Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals

---

[1] The court in Bassette relied on section 8.01-654(B)(2) of the Virginia Code. Bassette, 915 F.2d at 936. Section 654 (B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

5

> of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the

Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed.

Petitioner asserts that trial counsel was ineffective for advising him not to testify at trial, (Claim 2), and for failing to introduce evidence, (Claim 3). Petitioner did not raise the claims in his state habeas petition, and the claims would now be barred in state court pursuant to sections 8.01-654(A)(2) and 8.01-654(B)(2), of the Virginia Code. Therefore, the claims are simultaneously exhausted and defaulted for federal habeas purposes. <u>Bassette</u>, 915 F.2d at 936-37. Claims 2 and 3 are procedurally defaulted and should be DISMISSED.

### E. The Evidence at Trial Was Sufficient to Support Petitioner's Convictions.

The standard of review in a habeas corpus proceeding is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979). In <u>Wright v. West</u>, 505 U.S. 277 (1992), the Supreme Court held that:

> In <u>Jackson</u>, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "<u>all of the evidence</u> is to be considered in the light most favorable to the prosecution," that the prosecution need not affirmatively "rule out every hypothesis except that of guilt," and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

<u>Id.</u> at 207-97 (citations omitted). In the present case the Court has fully reviewed the trial transcripts and has determined that the evidence,

7

when viewed in the light most favorable to the prosecution, was sufficient to convict petitioner. Petitioner argues for the application of hindsight to what were issues of weight and credibility, properly resolved by the trier of fact.

Petitioner asserts that the evidence at trial was insufficient to support convictions for attempted rape, attempted forcible sodomy, and two counts of sexual battery, (Claim 1). Petitioner raised the claim in his state habeas petition, and the Circuit Court properly ruled that the claim was not cognizable, because it was raised at trial and on direct appeal. <u>Henry v. Warden</u>, 576 S.E.2d 495 (Va. 2003).

The Virginia Court of Appeals reviewed the evidence on direct appeal. The victim testified that on September 10, 2005, at 2:00 a.m., her goddaughter allowed petitioner into the house while the victim was sleeping. The victim stated that she was awakened by petitioner "rubbing" on her and demanding sex, but she refused. Petitioner held her down by her neck while he attempted to insert his penis into her anus. According to the victim's testimony, she plead with petitioner to stop, but petitioner persisted, touching her breasts and vagina and attempting to insert his penis into her vagina. The victim got away, located a telephone, and called the police, while continuing to physically fight off petitioner. The victim called out to her goddaughter, who helped her fight off petitioner and attempted to push him out of the house.

The victim denied having a romantic relationship with petitioner. She testified that she had ovarian cancer, which caused intense pain during sexual intercourse. As a result, she had decided to abstain from any sexual relations at the time. The victim testified that she suffered bruising and bleeding from the areas where she had surgeries

due to the cancer. The victim's goddaughter corroborated the victim's testimony regarding the attempted rape and their attempts to force petitioner out of the house.

Police officers responding to the scene within three to five minutes after the victim called, observed bruising on the victim and red marks on her neck. The responding officer testified that the house showed signs of a struggle, such as a broken lamp, broken hanger, and other items on the floor. He stated that the victim was upset and crying, and she reported that petitioner had attempted to sexually assault her.

The Virginia Court of Appeals found that the victim's testimony was corroborated by other witnesses, found no error with the trial court's credibility determination, and observed that the trial court was entitled to accept the testimony of the Commonwealth's witnesses and reject petitioner's version of events. The court held that the "Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of attempted rape, attempted forcible sodomy, and two counts of sexual battery." Baskerville v. Commonwealth, Va. Ct. App. Rec. No. 1595-06-1 at 2 (December 22, 2006).

When the evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could find the evidence sufficient to support petitioner's convictions for attempted rape, attempted forcible sodomy, and two counts of sexual battery beyond a reasonable doubt. Therefore, the claim is without merit and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and

respondent's motion to dismiss be GRANTED.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                                                  /s/
                                                          **James E. Bradberry**
                                                          **United States Magistrate Judge**

**Norfolk, Virginia**

**November 18, 2009**

Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

>Ebony Daschion Baskerville, #361505, pro se
>Nottoway Correctional Center
>P.O. Box 488
>Burkeville, VA  23922

>Erin M. Kulpa, Esq.
>Assistant Attorney General of Virginia
>900 E. Main Street
>Richmond, VA  23219

>>Fernando Galindo, Clerk

>>By _____
>>　　　　Deputy Clerk

>>_____, 2009